NO. 07-12-0206-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2012
_____

UNIQUE McKINNEY,

                                                                    Appellant

v.

THE STATE OF TEXAS,

                                                                    Appellee
_____

FROM THE 167th DISTRICT COURT OF TRAVIS COUNTY;

NO. BK12118 PG16653; HON. MIKE LYNCH, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Unique McKinney, appellant, appeals her conviction for evading arrest, enhanced.  Appellant timely perfected her appeal. The clerk's record was filed on June 28, 2012, and the reporter's records on May 30 and July 25, 2012.  Appellant's brief was due on August 24, 2012.  On August 31, 2012, appellant's counsel was notified by letter that the brief was overdue and that unless appellant's brief was filed on or before September 10, 2012, the appeal would be abated.  On September 10, 2012, this court

received a motion for extension of time to file the brief, which was granted to September 24, 2012. On October 2, 2012, a second extension of time was requested to file the brief, which was granted to October 15, 2012, with the admonition that no further extensions would be granted. Instead of receiving appellant's brief, this court received a third extension motion, asking for an additional thirty days to file his brief.

Accordingly, we abate this appeal and remand the cause to the 167th District Court of Travis County (trial court) for further proceedings. Upon remand, the trial court shall determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether appellant has been denied the effective assistance of counsel due to counsel's failure to file a timely appellate brief; and,

4. why a timely appellate brief has not been filed on behalf of appellant.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by November 30, 2012. If it is determined that appellant is indigent and has been denied the effective assistance of counsel, the trial court may appoint her new counsel; the name, address and phone number of any new counsel appointed shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before November 30, 2012.

It is so ordered.

Per Curiam

Do not publish.